**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| BRIAN NEULEIB, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:17-CV-003-MSH |
| | : | Social Security Appeal |
| NANCY A BERRYHILL, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits and supplemental security income, finding that he is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

*Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq.*

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Brian Jason Neuleib filed applications for disability insurance benefits and supplemental security income on November 30, 2012, alleging that he became disabled to work on June 1, 2009. His claims were denied initially on September 24, 2013, and on reconsideration on November 14, 2013. He filed a written request for an evidentiary hearing before an administrative law judge (ALJ) on January 8, 2014, and the hearing was held on June 25, 2015. Plaintiff appeared with his attorney and gave testimony, as did his mother and an impartial vocational expert (VE). Tr. 19. On August 3, 2015, the ALJ issued an unfavorable decision denying Plaintiff's applications. Tr. 16-35. He sought review from the Appeals Council on August 13, 2015, but was denied on November 9, 2016. Having exhausted the administrative remedies available to him under the Social Security Act, Plaintiff brings this action seeking judicial review of the final decision by the Commissioner to deny his claims. This case is ripe for review.

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff was thirty-three years old on his alleged onset of disability date. Tr. 16, 98. He has a general equivalency diploma and prior work experience as a laborer, in sales, and as a graphic designer. Tr. 93, 236, 238. In his applications he alleged that he is disabled

4

to work as a result of depression, bipolar disorder, learning disability, skin rash, and obesity. Tr. 237, 285.

In conducting the five-step sequential evaluation process for deciding whether Plaintiff is disabled, the ALJ found, at step two, that Plaintiff has the severe impairment of bipolar disorder. 20 C.F.R. §§ 404.1520(c), 416.920(c). Finding 3, Tr. 21. The ALJ specifically analyzed Plaintiff's asserted depression and learning disability and found them to be non-medically determinable. Plaintiff never alleged disability due to Asperger's Syndrome and denied to a consultative psychologist that he had ever received such a diagnosis. However, the ALJ discussed it in his written decision because Plaintiff's parents told the consultant that he had been diagnosed with the disorder at an unspecified date between twenty-four and twenty-six years of age. The ALJ found the alleged Asperger's diagnosis to also be a non-medically determinable impairment. He also considered Plaintiff's obesity but found it to be a non-severe impairment. Tr. 21-22. The ALJ completed his step two analysis by stating he had considered all of Plaintiff's symptoms and limitations in formulating Plaintiff's residual functional capacity (RFC). Tr. 22.

At step three, he found that Plaintiff does not have an impairment or combination of impairments which meets or equals the severity of a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 22-23. Between steps three and four the ALJ formulated an RFC assessment which permits Plaintiff to perform the full range of work at all exertional levels but with restrictions to simple work with routine, repetitive tasks and no fast-paced production. He further limited Plaintiff to jobs with simple instructions and decisions as well as minor and infrequent changes in the work

process and no more than occasional interaction with the public, coworkers, and supervisors for no more than one-third of the work day.  Finding 5, Tr. 24-29.

At step four, the ALJ found that this restricted RFC would not permit Plaintiff to return to any past relevant work.  Finding 6, Tr. 29.  However, the VE testified that there are jobs available to Plaintiff which he can do within his RFC.  The ALJ then found, at step five, that he can work as a golf range attendant, sexton, or return goods sorter and that such jobs exist both in the national economy and in the state of Georgia.  Finding 10, Tr. 30.  The ALJ thus found Plaintiff to be not disabled to work.  Finding 11, Tr. 31.

## DISCUSSION

### I. Sufficiency of the ALJ's Mental RFC calculation.

Plaintiff first contends that despite giving "great weight" to the opinion of a consultative psychologist, the ALJ failed to include limitations found by the psychologist in formulating the RFC and did not explain why.  Pl's.  Br. 1.  John Grace, Psy.D., conducted a psychological evaluation of Plaintiff on September 4, 2013.  Ex. 5F.  Dr. Grace noted that Plaintiff's last full-time employment came as a computer designer from 2000 until 2004 when it ended due to "lack of sales," as described by Plaintiff.  Tr. 365.  Plaintiff told Dr. Grace that while working he was able to adapt well and could perform assigned tasks and duties adequately.  However, he described himself as unwilling to work because he is "too burned out."  Tr. 365.  Plaintiff reported problems with supervision, concentration, and remaining alert.  He attributed his difficulties to his own lack of attention, problems with authority, and simple lack of desire to comply with instructions.  He reported that he can shop, manage money, drive a car, use a cell phone, operate a

computer, prepare meals, do laundry and housekeeping, and care for his pets but prefers "daydreaming all day." Tr. 265.

Plaintiff denied having been diagnosed with Asperger's Syndrome. In a separate interview, his parents told Dr. Grace that he been given that diagnosis some years earlier, but they were unable to say when or by whom. Objective clinical testing established him as focused, attentive and not distracted, and coherent. Dr. Grace found him moderately impaired in responding to criticism and remaining attentive over an eight-hour work day, but found that "[Plaintiff's] ability to take and follow instructions in a typical workplace is considered unimpaired." Tr. 370. Dr. Grace also noted that Plaintiff himself "believes that he is capable of following directions and completing simple tasks on a work site if given instructions in a clear, direct, and simple manner." *Id*. Dr. Grace also said "[Plaintiff's] ability to make simple work-related rational decisions . . . is considered adequate" and "his ability to be able to maintain regular attendance is considered unimpaired." *Id*. He found Plaintiff to "not have a history of problems with coworkers" and stated that "his ability to work in close proximity and cooperatively with others is considered unlimited." *Id*. Dr. Grace concluded by opining that "overall the prognosis for this individual resuming full-time employment is good in a structured and supportive environment." Tr. 371.

The ALJ expressly gave significant weight to portions of Dr. Grace's findings and partial weight to his opinions, carefully explaining why with specific references to the record. Tr. 25-28. He accommodated the limitations Dr. Grace found by restricting Plaintiff to simple work that is routine, repetitive, and does not require fast-paced

7

production, but involves simple instructions and work-related decisions with only minor and infrequent changes and limited interaction with supervisors and coworkers. Tr. 23-24. The ALJ's mental RFC formulation fully accounted for Dr. Grace's findings and opinions. *Lewen v. Comm'r of Soc. Sec.,* 605 F. App'x 967 (11th Cir. 2015). Thus, Plaintiff's first claim of error has no merit.

## II. The ALJ's assessment of Plaintiff's Credibility

Next, Plaintiff asserts that the ALJ failed to give adequate reasons for discounting his credibility. Pl. Br. 2. The record refutes this claim. The ALJ discounted Plaintiff's credibility for three express reasons. First, both Plaintiff's treating physician and the consultative psychologist pointed out that he was being successfully treated with medication. Tr. 25, 310-351, 366. *Dyer v. Barnhart,* 395 F.3d 1206 (11th Cir. 2005). Second, the ALJ discounted Plaintiff's credibility due to a lack of objective medical evidence to support his subjective complaints. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); *Watson v. Heckler,* 738 F.2d 1169 (11th Cir. 1984). Third, he discounted Plaintiff's credibility because of the intermittent and conservative treatment regimen Plaintiff sought and received. Tr. 387, 45. *Falcon v. Heckler,* 732 F.2d 827 (11th Cir. 1984). The ALJ provided sufficient express reasoning for his decision to discount Plaintiff's credibility. Thus, Plaintiff's second assertion of error is also without merit.

## III. The Appeals Council's Decision

Finally, Plaintiff contends that the Appeals Council erred in its consideration of what he contends is a new and material psychological evaluation. Pl. Br. 2. On September 24, 2016, Matt Butryn, Ph.D., saw Plaintiff and his mother at the request of his attorneys. Dr.

Butryn prepared a report. Ex. 7F, Tr. 391-405. The report's findings contradict those of Plaintiff's treating physician as well as the consultative examiner. It is also inconsistent with Plaintiff's own reported activities of daily living and is based almost exclusively on a single two-hour interview of Plaintiff and his mother. The Appeals Council received and considered the report but found that it did not render the decision of the ALJ contrary to the weight of record evidence.

Plaintiff's own treating physician, David Ringer, M.D., who has treated him since before 2011, described him as "very lazy." Ex. 6F/12. Plaintiff neither followed his physician's recommendations nor sought additional care. Tr. 27. He left his last job due to what he said was a lack of business and expressed no interest in employment, not because he was unable to work, but because he was "too burned out." The ALJ did not believe him and the record amply supports that conclusion.

Dr. Butryn's report has been read and reviewed by the Court and found insufficient to render the denial of benefits erroneous. *Ingram v. Comm'r of Soc. Sec.,* 496 F.3d 1253 (11th Cir. 2007). The Appeals Council correctly concluded that there was no reason to further review Plaintiff's claim. Therefore, Plaintiff's third, and final, contention of error is also meritless.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 17th day of October, 2017.

/s/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE